UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.

                             **MEMORANDUM OF LAW & ORDER**
                             Criminal File No. 01-089 (MJD)

RICARDIO DALE SMITH,

       Defendant/Petitioner.

_____

John Kokkinen, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Katherine M. Menendez, Assistant Federal Defender, Counsel for Defendant/Petitioner.

_____

## I. INTRODUCTION

This matter is before the Court on Petitioner Ricardio Dale Smith's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 74]

## II. BACKGROUND

On March 19, 2002, Petitioner pleaded guilty to the charge of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)

1

and 924(e). [Doc. No. 56]  A Presentence Report ("PSR") was prepared detailing Petitioner's criminal history which included four separate violent felonies: (1) a December 30, 1991 conviction in Minnesota for terroristic threats; (2) an August 5, 1992 conviction in Minnesota for third degree assault; (3) a September 8, 1994 conviction in Minnesota for terroristic threats; and (4) an August 10, 1995 conviction in Minnesota for terroristic threats. (PSR ¶¶ 24, 25, 27, and 30).  This Court concluded that Petitioner qualified as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to the mandatory minimum term of imprisonment of 180 months, to be followed by five years of supervised release. [Doc. No. 60]

On June 27, 2002, Petitioner timely filed a notice of appeal and submitted an Anders brief on whether his guilty plea was knowing and voluntary and whether the sentence imposed was legal.  On January 27, 2003, the Eighth Circuit Court of Appeals affirmed this Court's judgment. United States v. Smith, 55 F. App'x 394 (8th Cir. 2003).

III.  HABEAS PETITION

    A.  **Standard for Relief under 28 U.S.C. § 2255**

Title 28 United States Code § 2255 (a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted). Alternatively, the procedural default can be excused if the petitioner is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

### B.   Petitioner's Stated Grounds for Relief

Petitioner asserts that the recent United States Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013) compels the conclusion that his sentence was improperly enhanced under the ACCA. According to Petitioner, Descamps established a "newly recognized" right that is retroactively applicable to cases on collateral review. Petitioner argues that the issue in Descamps was a novel question about when to apply the modified categorical approach, and that

3

it prompted the Court to decide if (1) the categorical approach or (2) the modified categorical approach applied to indivisible statutes. He claims that by announcing that the categorical approach only applies when a defendant has been convicted under a broad, indivisible statute that lacks violent-felony elements, <u>Descamps</u> was not an application of the Court's prior precedents, but a new principle of law.

Petitioner further asserts that, based on <u>Descamps</u>, three of his four predicate offenses are no longer properly treated as violent felonies under the ACCA and as such, his sentence violates the laws of the United States. The Government concedes that it affirmatively waived non-retroactivity as a defense, but nonetheless argues that <u>Descamps</u> did not recognize a new right as set forth in Section 2255(f)(3). (Doc. No. 81 at 6 n.3.)

### C.   Timing

A one-year period of limitation shall apply to petitions under 28 U.S.C. § 2255.

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner argues that his petition is timely under 2255(f)(3) because it was filed within one year of the Descamps decision, which he claims established a newly recognized right that is retroactively applicable to cases on collateral review.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). A new rule is not announced if the Court merely applies a principle that governed a prior decision. Id. at 307. While the Supreme Court did not expressly hold that its decision in Descamps established a new rule that is retroactive on collateral review, it did begin its analysis by noting that "[o]ur caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." Descamps, 133 S. Ct. at 2283.

5

Petitioner argues that prior to Descamps, precedent would not have compelled reasonable jurists to hold that the modified categorical approach can only apply to divisible statutes. For example, he cites to the Ninth Circuit's decision in United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th Cir. 2011) (en banc), which found courts could apply the modified categorical approach to a statute that has a single, indivisible set of elements, as an example that the law as to the application of the modified categorical approach was not fully established. The Aguila-Montes decision, however, was overruled in Descamps because the Court found that the Aguila-Montes opinion disregarded "everything we have said on the subject." Descamps, 133 S. Ct at 2286.

The Eighth Circuit has not yet addressed whether Descamps recognized a new rule. Those courts that have addressed the issue, however, have uniformly found that Descamps did not recognize a new rule. See, e.g., United States v. Hopson, __ F. App'x __, 2015 WL 106583 (10th Cir. Jan. 8, 2015); United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014); United States v. Headbird, No. 14-2051 (DSD), 2015 WL 58781 (D. Minn. Jan. 5, 2015); Dunklin v. Wilson, No. 13-2411 (PSJ/JSM), 2014 WL 5464250 (D. Minn. Oct. 27, 2014).

This Court similarly finds that Descamps did not establish a newly recognized right or rule. Instead, Descamps merely reaffirmed precedent that lower courts had misconstrued. As a result, the petition before the Court is untimely and must be dismissed.

IV.     **CERTIFICATE OF APPEALABILITY**

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED:**

1. Smith's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Docket No. 74] is **DENIED** and the case **DISMISSED WITH PREJUDICE; and**

    **2.**    The Court denies a Certificate of Appealability is this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  January 26, 2015　　　　　s/ Michael J. Davis  
　　　　　　　　　　　　　　　　　Michael J. Davis  
　　　　　　　　　　　　　　　　　Chief Judge  
　　　　　　　　　　　　　　　　　United States District Court

Criminal No. 01-89